IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Cr. No. 05-20377-JDB

THOMAS WILLIAMS,

        Defendant.

ORDER DENYING MOTION FOR JAIL CREDIT (DOCKET ENTRY # 1090)

On August 15, 2008, Defendant Thomas Williams, Bureau of
Prisons (BOP) registration number 21051-076, an inmate at the
Federal Correctional Institution (FCI) in Forrest City, Arkansas,
filed a motion requesting credit for his presentence detention in
jail.

On July 25, 2006, a federal grand jury issued a second
superseding indictment charging Williams with one count of
conspiring to possess and distribute in excess of 5 kilograms of
cocaine and in excess of 50 grams of cocaine base, in violation of
21 U.S.C. § 846.  On March 12, 2007, Defendant pled guilty pursuant
to a written plea agreement.  On October 2, 2007, Defendant was
sentenced to 24 months imprisonment, to be served concurrently with
any state custody imposed in State Case No. 06-00079.  He did not
appeal.

Williams is currently in federal custody serving his federal
sentence.  He alleges that the BOP has incorrectly calculated his
release eligibility date.  Defendant admits that he has received

credit for time served in state custody but contends he has not received credit for time spent at a county jail in presentence detention.

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a)  Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)  Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1)  as a result of the offense for which the sentence was imposed; or
>>
>> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the BOP. United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Furthermore, Williams must exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention.  A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241.  See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[1]

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation.  Williams does not allege that he has pursued his administrative remedies with the BOP as required.  Therefore, the Court has no jurisdiction over his claim. Wilson, 503 U.S. at 333; United States v. Westmoreland, 974 F.2d 736, 737-38; see also Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981).

Williams' motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED,

---

[1]    Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.

IT IS SO ORDERED this 18th day of August, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE